The answer of the defendant contains the following ■denials:'
First. He denies, “that between the 1st day of September, 1884, and the 7th day of November, 1884, at Exeter, in the state of New Hampshire, one George Carter, a tailor, at the request of the defendant, rendered work, labor and services, in and about the making of and furnishing materials for necessary clothing for one Philip Tillinghast, Jr., the infant son of the defendant.”
Second. He denies, “that the work, labor and services so rendered, and the material so furnished, were of the value, and at the agreed price in the aggregate of eighty dollars.”
Hyatt, J.
Paragraphs first and second of the answer deny paragraphs first and second of the complaint, in the exact language therein stated, as a cause of action.
Such denials may be in the form of negatives pregnant and yet fail to constitute bad pleading, if, under the circum *297 stances set forth, they are not indefinite, uncertain or ambiguous.
The statement of the complaint contains the allegation of the rendering of work, labor and services, between the 1st day of September, 1884, and the 7th day of November, 1884.
The traverse covers the entire period. In such case a day named is not put in issue, and it is sufficiently clear that the intention of the defendant is to deny the act or transaction pleaded.
The provisions of section 500, Code of Civil Procedure, are, therefore, fully complied with. Otis v. Ross, 8 How. Pr. R., 193.
As to the second denial, it raises the issue as to the value of the materials and the work rendered. That is a material allegation in an action for its recovery, and may properly be made the subject of precise denial. Gregory v. Wright, 11 Abb., 417.
The motion will therefore be denied.